## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA CALVIN FISHBURN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-790-D |
| STATE OF OKLAHOMA, et al., | ) ) ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter has been referred by United States District Judge Timothy D. DeGiusti for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth, Plaintiff's action should be dismissed without prejudice because he has failed to comply with this Court's order to cure deficiencies, and thus has failed to prosecute his case.

### I.  Procedural History

On July 24, 2017, Plaintiff filed his initial pleading on a one-page, hand-written document providing little in the way of details for the Court to consider the nature of his allegations. *See* Complaint [Doc. No. 1]. Plaintiff neither submitted a filing fee nor filed an Application to Proceed In Forma Pauperis. By Order [Doc. No. 4] dated July 26, 2017, the Court directed Plaintiff to cure the deficiencies in his application by August 16, 2017. Specifically, the Court ordered Plaintiff to submit an amended complaint on a provided form and either pay the $400 filing fee or submit an Application to Proceed In Forma Pauperis.

Plaintiff did not timely cure the deficiencies as directed. What is more, the Order to Cure Deficiencies, which had been mailed to Plaintiff at his address of record, was returned to the Court

as undeliverable. To date, Plaintiff has failed to submit an amended complaint and he has also failed to either pay the $400 filing fee or submit an Application to Proceed In Forma Pauperis.

**II.     Analysis**

Plaintiff has failed to comply with the provisions of 28 U.S.C. § 1915(a)(2) and this Court's local rules. *See* LCvR 3.2, 3.3 and 3.4. Plaintiff's unexcused delay in curing the deficiencies identified above constitutes a failure to prosecute this action, and as a result, this action should be dismissed without prejudice to refiling. *See, e.g.*, *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing a district court's authority to dismiss a case sua sponte for failure to prosecute). Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge*, 552 F.3d at 1236.

This Court attempted to warn Plaintiff that his failure to submit an amended complaint and either pay his filing fee or submit an Application to Proceed In Forma Pauperis could result in the dismissal of this action. But Plaintiff has failed to inform the Court of his current address. Plaintiff's failure to comply has interfered with the Court's ability to manage its docket and resolve this action in an orderly and expeditious manner. Under these circumstances, it is recommended that the action be dismissed without prejudice to refiling.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice to the filing of a new action.

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  Any objection must be filed with the Clerk of the District Court by September 7, 2017.  Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 17th day of August, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE